Taylor, C. J.
This is a plea of alien enemy, which, from it’s conclusion, might be called a plea in bar, as it asks the judgment of the court, whether the plaintiff ought further to have or maintain his action. An issue being joined on the replication to the plea, the jury found it untrue in point of fact. It is now to be decided whether the plea amounted to a waiver of the other defences previously entered: and, whether the evidence to disprove the allegation in the plea was properly received.
As to the first question, it is believed to be an established principle that no matter of defence arising after action brought can properly be pleaded in bar of the action generally, but it ought to be pleaded in bar of the further maintenance of the suit; for by thus pleading a collateral thing which happens after the action brought, it is admitted that the action was well brought, but by reason of the new matter, the plaintiff ought not further to proceed in it. So that although the plea in this case begins and concludes as a bar, *115 yet the words “ ought further to have or maintain,” shew it to be a plea puis darrein continuance. Pleas of this description may be either in bar or abatement, according to the fact relied upon, Sys. of Plea 365; and as the act of 1796 does not distinguish between them, but expressly directs that a plea puis darrein continuance shall not amount to a relinquishment of former pleas, we cannot say that such effect is produced in the present case.
2. As to the proof of naturalization, we think it the best that could have been introduced. The plaintiff was made a citizen in a court of competent jurisdiction, before the adoption of the constitution, when each State had power to confer such a privilege according to its own conceptions of policy. The subsequent adoption of the constitution of the United States admitted all the citizens of the respective states to an equal participation of its benefits. This cause must therefore be remanded to be tried upon the pleas originally entered.